IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EFRAIN CAMPOS, ROBERT WIRTH, JUAN
NIETO, and STANLEY NEWAGO,

                     Plaintiffs,

    v.                                                     OPINION & ORDER

MICHAEL DITTMAN,
LINDA ALSUM O'DONOVAN,                        17-cv-545-jdp
DAVID KURKOWSKI, LUCAS M. WEBER,
KEVIN W. PITZEN, BRAD HOMRE, and
CINDY O'DONNELL,

                     Defendants.

---

       Pro se plaintiffs Efrain Campos, Robert Wirth, Juan Nieto, and Stanley Newago are inmates in the custody of the Wisconsin Department of Corrections (DOC) currently housed at the Columbia Correctional Institution (CCI). They bring this proposed class action under 42 U.S.C. § 1983 alleging that defendants, CCI and DOC officials, terminated plaintiffs from their prison work assignments in retaliation for plaintiffs' comments during a prison investigation and in violation of plaintiffs' procedural due process and equal protection rights. Dkt. 1.

       Campos, Nieto, and Newago have each paid the filing fee, or initial partial filing fee ordered by the court, for this lawsuit. Usually, the next step in the case is to screen the complaint. But before I do so, I'll address two related preliminary matters: Wirth's non-payment of the filing fee and Campos's motion for reconsideration of the court's September 15 order on filing fees.

The court's September 15 order explained that "each plaintiff is subject to the Prisoner Litigation Reform Act and must pay a separate $400 filing fee. . . . [A]lthough generally 28 U.S.C. § 1914(a) requires only one filing fee for each *case* filed, lawsuits filed by prisoners require one filing fee for each *prisoner* because 28 U.S.C. § 1915(b) comes into play, a statute that 'specifies a per-litigant approach to fees.'" Dkt. 33, at 1–2 (quoting *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004)). The order set an October 5 deadline for Campos and Wirth to pay their fees or otherwise respond to the order. Wirth did not respond. Campos paid his fee and also filed a motion for reconsideration. Dkt. 35. Campos argues that *Jones v. Bock*, 549 U.S. 199 (2007), forbids courts from requiring filing fees from each prisoner plaintiff in a single case. But *Jones* concerns the PLRA's administrative exhaustion requirement, not filing fees. *Jones* held that "when a prisoner has failed to exhaust some, but not all, of the claims asserted in the complaint . . . the court should proceed with the exhausted claims." *Id.* at 219–20. *Jones* does not speak to filing fees. For the reasons stated in the court's September 15 order, each plaintiff must pay a separate filing fee. Wirth has not done so, nor has he otherwise responded to the court's September 15 order, so I will assume that he wishes to withdraw from this action voluntarily. I will proceed to screen Campos, Nieto, and Newago's claims.

In screening the complaint, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). After reviewing the complaint with these principles in mind, I will give them an opportunity to file an amended complaint alleging facts showing each defendant's retaliatory or improper purpose in terminating them.

Plaintiffs also move to proceed as a class action and for appointment of class counsel. Dkt. 2 and Dkt. 3. I will deny these motions.

ALLEGATIONS OF FACT

I draw the following facts from plaintiffs' complaint. Dkt. 1.

Plaintiffs Efrain Campos, Juan Nieto, and Stanley Newago are inmates at CCI. Until recently, they each worked at the Badger State Industries (BSI) printing shop within CCI. Approximately 10 other inmates worked in the printing shop too.

On January 3, 2017, all BSI employees were placed on Temporary Lock Up status and could not work pending an investigation because contraband was found in the BSI shop. (Plaintiffs don't explain what the contraband was.) Plaintiffs agree that contraband was found in the BSI shop, but state that the contraband was found in an area of the BSI shop where they did not work and that they did not know about the contraband.

On January 6, defendants CCI Security Director Lucas M. Weber, Security Captain Kevin W. Pitzen, and BSI supervisor Dave Kurkowski summoned the BSI employees to the shop. Four BSI employees who worked in the area of the shop in which the contraband was found admitted that the contraband was theirs. Those four employees received conduct reports, were sent to segregation for 360 days, and were terminated from their BSI positions. Plaintiffs were asked if they knew about the contraband; plaintiffs each said that they did not know about the contraband and weren't involved with it.

A week later, plaintiffs were terminated from their BSI positions because Weber, Pitzen, and Kurkowski believed (without reason, according to plaintiffs) that they lied about their lack of knowledge and helped prevent the discovery of the contraband. Plaintiffs filed grievances

3

complaining about their termination. Defendants CCI Institution Complaint Examiner Linda Alsum O'Donovan, CCI Warden Michael Bittman, DOC Corrections Complaint Examiner Brad Homre, and Cindy O'Donnell, a designee of the DOC secretary, reviewed and dismissed plaintiffs' grievances, reasoning that each plaintiff *could* have received a conduct report for "aiding and abetting," and that "the only way to ensure the security of the area was to punish not only the guilty inmates who admitted they did it and who received conduct reports but also punish the others by a belief they were aware of what was happening." *Id.* at 6.

ANALYSIS

Plaintiffs bring procedural due process, First Amendment retaliation, and equal protection claims against defendants. I'll address each claim in turn.

A. **Procedural due process claims**

The Fourteenth Amendment's Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." To state a § 1983 procedural due process claim, plaintiffs must allege that they (1) have a cognizable liberty or property interest; (2) suffered a deprivation of that interest; and (3) did not receive due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010).

Here, plaintiffs have failed to identify a cognizable liberty or property interest. Prisoners do not have a liberty interest in prison jobs. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Nor do they have a liberty or property interest in specific prison procedures, such as issuance of conduct reports. *See McGee v. Mayo*, 311 F. App'x 492, 494 (7th Cir. 2006). But this is not to say that plaintiffs have no avenue to seek redress for the loss of their jobs, as described below.

4

**B. Retaliation claims**

To state a claim for retaliation under the First Amendment, plaintiffs must identify: (1) the constitutionally protected activity in which they were engaged; (2) one or more retaliatory actions taken by defendants that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer that plaintiffs' protected activity was one of the reasons defendants took the action they did against him. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009).

Here, plaintiffs' theory is that defendants terminated them from their BSI positions (and dismissed their grievances concerning the termination) *because* plaintiffs told the truth during the contraband investigation. Common sense dictates that the First Amendment protects telling the truth in response to an investigation. *Cf. Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (assuming that a supervisor "maneuvering to get [an employee] fired in retaliation for refusing to alter a truthful statement to investigators" was a constitutional violation but dismissing the case under res judicata). Losing a job—and a well-paying job, by prison standards—could deter a person of ordinary firmness in plaintiffs' position from telling the truth in the future. But plaintiffs have not alleged enough to raise a plausible connection. I will allow plaintiffs a short time to submit an amended complaint alleging facts showing that each defendant caused plaintiffs to lose their jobs because plaintiffs told the truth rather than remain silent.

**C. Equal protection claims**

The purpose of the equal protection clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 611 (2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per

5

curiam)). An ordinary equal protection claim alleges that the plaintiff has been arbitrarily classified as a member of an "identifiable group." *Id.* at 601.

Here, plaintiffs do not allege that they are members of such a group, so I take them to bring class-of-one equal protection claims. The required elements of such claims are not entirely clear, as explained in *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 891 (7th Cir. 2012) (affirming dismissal of a class-of-one claim by an evenly divided court). At a minimum, a class-of-one claim would require plaintiffs to allege that defendants intentionally treated them differently from others similarly situated and that there is no rational basis for the difference in treatment. Plaintiffs allege that the decision to terminate plaintiffs was a discretionary one, so they must allege that defendants possessed an improper purpose, or "something like animus, or the lack of justification based on public duties for singling out the plaintiff." *Id.* at 914 (Wood, J., dissenting).

Here, plaintiffs' theory is that defendants' improper purpose was the fact that plaintiffs told the truth during the contraband investigation, But they have not alleged facts sufficient to support that theory. It's just as likely that defendants terminated plaintiffs (and dismissed plaintiffs' grievances concerning the termination) because they believed that plaintiffs *lied* during the contraband investigation, which would be a valid justification for their actions. I will allow plaintiffs a short time to submit an amended complaint alleging facts showing that each defendant caused plaintiffs to lose their jobs for an improper purpose.

**D. Class action status**

Plaintiffs move for certification of a class action. Dkt. 2. Before I may certify a class, I must find that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class; and (4) the representative parties fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). It appears that all members of the prospective class are already joined as plaintiffs in this action, with the exception of Wirth, so class status would be inappropriate, and I will deny plaintiffs' motion.

E. **Assistance in recruiting counsel**

Plaintiffs move for appointment of counsel. Dkt. 3. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent pro se plaintiffs in civil matters. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). The mere fact that plaintiffs wish to proceed as a class does not allow for appointment of counsel. Instead, to prove that assistance in recruiting counsel is necessary, this court generally requires that pro se plaintiffs: (1) provide the names and addresses of at least three lawyers who decline to represent them in the case; and (2) demonstrate that theirs is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds their demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Plaintiffs have provided no evidence that they have attempted to recruit legal representation on their own. This is reason enough to deny plaintiffs' motion. *See Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Even if this requirement were met, plaintiffs have not shown that they lack the ability to litigate their claims. It is too early to tell whether their claims will outstrip their litigation abilities. If I allow plaintiffs to proceed against

defendants on some claims, the case still may not pass the relatively early stage in which defendants may file a motion for summary judgment based on a preliminary issue that could result in dismissal of the case before it advances deep into the discovery stage of the litigation. Should the case pass the early stage of litigation, and should plaintiffs continue to believe that they are unable to litigate the suit themselves, then they may renew their motion. If they do so, they will have to show that their attempts to recruit counsel on their own have proven unsuccessful and explain what specific litigation tasks they cannot perform themselves.

ORDER

IT IS ORDERED that:

1. Plaintiff Efrain Campos's motion for reconsideration, Dkt. 35, is DENIED.

2. Plaintiff Robert Wirth is DISMISSED from this action.

3. Plaintiffs Efrain Campos, Juan Nieto, and Stanley Newago's Fourteenth Amendment equal protection and First Amendment retaliation claims are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

4. Plaintiffs may have until November 21, 2017, to file an amended complaint alleging facts that show that each defendant acted with a retaliatory or improper purpose.

5. Plaintiffs' remaining claims are DISMISSED for failure to state a claim.

6. Plaintiffs' motion for class certification, Dkt. 2, is DENIED.

7. Plaintiffs' motion for assistance in recruiting counsel, Dkt. 3, is DENIED without prejudice.

Entered October 31, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge